Milligan, J.,
delivered tbe opinion of the court:
Tbe claimant seeks to recover tbe sum of $228.74, which be avers is due him on account of commutation of fuel and quarters, and tbe 33per cent, extra and additional pay allowed to certain officers of tbe army under tbe act of Congress approved March 2, 1807.
Tbe claimant was a second lieutenant in tbe "Veteran Reserve Corps. In March, 1866, be was ordered to report to Major-General Howard for assignment to duty in the Bureau of Freedmen and Abandoned Lands. He subsequently reported, as ordered, and on tbe 16tk of April, 1866, be was regularly assigned to duty in said Bureau, in tbe parish of Saint James, to which tbe parish of Ascension was shortly thereafter added, in Louisiana.
On tbe 1st of January, 1868, be was mustered out and honorably discharged tbe service of tbe United States; and on tbe same day be was appointed an officer and retained in tbe service of tbe Bureau, under tbe fourth section of tbe Act July 6,1866. He served in this capacity from tbe 1st of January, 1868, to tbe 20th of September following, inclusive — eight months and twenty days — and no allowance for commutation of fuel and quarters, or 33J- per cent, additional pay, has been made him.
Without further setting forth tbe facts, it is sufficient to say this case is identical, in all its essential features, with the cases of Whittlesey (5 C. Cls., p. 99) and Howard, (Ib., p. 105,) and must be ruled by them.
We bold, therefore, tbe claimant entitled to recover tbe aggregate sum of $202.26, which is still due him, and for which judgment will be entered.